# THE COMPAÑIA DE LOS FERROCARRILES DE PUERTO RICO

*v.*

## KARL ROHRER ET AL.

San Juan, Law, No. 471.

**1.** Private persons may maintain an action of ejectment against a military, naval, or marine commander in possession of land claimed by plaintiffs.

**2.** In such an action defendants may, as a complete defense, set up title in the United States government.

Order filed June 22, 1907.

*F. H. Dexter, Esq.,* and *Willis Sweet, Esq.,* attorneys for plaintiff.

*J. R. F. Savage, Esq.,* attorney for defendants.

RODEY, Judge, delivered the following opinion:

This is a suit in ejectment by the plaintiff to recover possession and try the title to a parcel of land said to contain 8.62 acres, situated here in the city of San Juan, Porto Rico. The defendants are United States Army and Naval officers, each of those departments being in possession of portions of the land in

Compañia de los Ferrocarriles v. Rohrer.

controversy. The suit is said to be brought under the local statute (§ 282, Code Civ. Proc..), and the right to bring it is undoubtedly bottomed on a line of decisions of the Supreme Court of the United States, beginning with United States v. Lee, 106 U. S. 196, 27 L. ed. 171, 1 Sup. Ct. Rep. 240. This line of decisions does, we think, maintain the right of plaintiff to bring this sort of action.

The United States attorney for Porto Rico, by direction of the Attorney General of the United States, appeared for the defendants and demurred to the complaint, and thereafter the defendants, as the pleadings put it, appear by their attorney, José R. F. Savage, United States attorney for Porto Rico, who, it is again stated, appears for them by direction of the Attorney General of the United States, and answer, denying specifically each and every allegation of the complaint, and setting up as a separate defense and answer, that the title to the said land is in the United States, and that the defendants are in possession of it as agents and representatives of said United States. The plaintiff demurs to this answer.

The issue is therefore simple. The demurrer to the complaint will be overruled, as will also the demurrer to the answer, leaving the suit to be tried on complaint and answer, with the right remaining in defendants to show title in the United States if they can, as a complete defense in the premises, and it is so ordered.

As the matter is important and involves very valuable property, and the United States attorney for Porto Rico is now in the States, thirty days will be granted each side within which to take such action as they may deem proper with reference to these rulings.